```
UNITED STATES DISTRICT COURT
   DISTRICT OF SOUTH CAROLINA
```

| | |
|---|---|
| Israel Romero, | ) C/A No.: 7:12-655-JMC-KFM |
|            Plaintiff, | ) |
| vs. | ) **Report and Recommendation** |
| Morgan Corporation;<br>Timothy Halligan, | ) |
|            Defendant. | ) |

_____

Plaintiff Israel Romero, proceeding *pro se* and *in forma pauperis* under 28 U.S.C. § 1915, files this action pursuant to Title VII of the Civil Rights Act of 1964 (Title VII). Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(d) DSC, the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the district judge.

Plaintiff files this Title VII case alleging wrongful termination; discrimination pursuant to the Americans with Disabilities Act (ADA); discrimination pursuant to the Age Discrimination in Employment Act (ADEA); retaliation; defamation; breach of good faith and fair dealing; breach of explicit or implied contract by constructive termination; and intentional infliction of emotional distress. He asks to be reinstated. He also seeks money damages [ECF No. 1]. In an order entered on March 26, 2012, Plaintiff was directed in part to complete, sign, date, and return to the Clerk of Court, special interrogatories that were sent to him [ECF No. 12]. In the interrogatories, Plaintiff was asked if he had filed an administrative complaint with the Equal Employment Opportunity Commission (EEOC) or the State Human Affairs Commission. Plaintiff complied with the Court's order and filed his answers to the Court's Special Interrogatories on April 2, 2012 [ECF No. 14]. Plaintiff

indicated that he had not filed an administrative complaint with either the EEOC or SHAC.

The complaint herein has been filed pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action "fails to state a claim on which relief may be granted" or is "frivolous or malicious." 28 U.S.C. §1915(e)(2)(B)(I), (ii). Hence, under 28 U.S.C. §1915(e)(2)(B), a claim based on a meritless legal theory may be dismissed *sua sponte. Neitzke v. Williams*, 490 U.S. 319 (1989).

This court is required to liberally construe *pro se* documents, *Estelle v. Gamble*, 429 U.S. 97, 97 S. Ct. 285 (1976), holding them to a less stringent standard than those drafted by attorneys, *Hughes v. Rowe*, 449 U.S. 5, 101 S. Ct. 173 (1980)*(per curiam)*. Even under this less stringent standard, however, the *pro se* petition is subject to summary dismissal. The mandated liberal construction afforded *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so, but a district court may not rewrite a petition to "conjure up questions never squarely presented" to the court. *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985). The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts that set forth a claim currently cognizable in a federal district court. *Weller v. Department of Social Services*, 901 F.2d 387 (4th Cir. 1990).

Title VII creates a federal cause of action for employment discrimination. *Davis v. North Carolina Dep't of Corrections*, 48 F.3d 134, 136-37 (4th Cir. 1995). A Title VII plaintiff

must first exhaust administrative remedies before filing a claim in federal court. *Sloop v. Memorial Mission Hosp., Inc.*, 198 F.3d 147, 148 (4th Cir. 1999).[1]  A federal court can assume jurisdiction over a Title VII claim only after Plaintiff has complied with the various administrative procedures set forth in 42 U.S.C. § 2000e-5(b). *Davis*, 48 F.3d at 137. These procedures "include an investigation of the complaint and a determination by the EEOC (Equal Employment Opportunity Commission) as to whether 'reasonable cause' exists to believe that the charge of discrimination is true." *Id.* at 137.  Plaintiff's claim with the EEOC "defines the scope of his subsequent right to institute a civil suit." *Smith v. First Union National Bank*, 202 F.3d 234, 247 (4th Cir. 2000) (citing *Evans v. Technologies Applications and Serv. Co.*, 80 F.3d 954, 962-63 (4th Cir. 1996)).  Only claims "reasonably related" to those in the EEOC charge may be advanced in a subsequent civil suit. *Id.* (citing *Chisolm v. United States Postal Serv.*, 665 F.2d 482, 491 (4th Cir. 1981)).

When the state in which the alleged discrimination occurred has enacted a law "prohibiting the unlawful employment practice alleged" and "has establish[ed] or authoriz[ed] a State or local authority to grant or seek relief from such practice," proceedings must first be commenced under the state law before a charge may be filed with the EEOC. *Davis*, 48 F.3d at 137 (quoting § 2000e-5(c)).  South Carolina has anti-discrimination laws similar to those of Title VII and a "deferral agency", the South Carolina Human Affairs Commission (SCHAC), with essentially the same powers as the EEOC. Accordingly, a claimant must first file his claim with such agency. *See id*. (under § 2000e-

---

[1]This is also true of Plaintiff's ADA and ADEA claims. *See Fisher v. Securitas Sec. Serv. USA Inc.*, C.A. No. 4:08-cv-01634-RBH, 2010 WL 568234, at *3 (D.S.C. Feb. 12, 2010) (Title VII and ADEA claims); *Strickland v. Baker*, C.A. No. 3:08-2721-CMCPJG, 2010 WL 146816, at **3-4 (D.S.C. Jan. 11, 2010) (Title VII and ADA claims).

5(c), "commencement of proceedings under state law is a prerequisite to EEOC action where a state remedial scheme exists."). The purpose of this deferral procedure is to give the state agency a chance to resolve the claim and thereby possibly alleviate the need for the involvement of the federal agency or courts.** *See id.* at 136.

Thus, Title VII provides that "a federal discrimination claim brought by a private party cannot be heard by a federal district court until the EEOC has conducted an investigation and determined the validity of the claim." *Id.* at 137 -138 (citing § 2000e-5(b)). The EEOC must then decide whether it will bring a claim in federal court or if it will issue a "right-to-sue" letter to the claimant, "which letter is essential to initiation of a private Title VII suit in federal court." *Id.*

Plaintiff has alleged in his Special Interrogatories that he has not filed an administrative complaint with either the EEOC or with SCHAC. The Fourth Circuit has "long held that receipt of, or at least entitlement to, a right-to-sue letter is a jurisdictional prerequisite that must be alleged in a plaintiff's complaint." *Id*. at 140 (citing *United Black Firefighters v. Hirst*, 604 F.2d 844, 847 (4th Cir. 1979)("[A] plaintiff in a civil action under Title VII must allege and prove filing of a timely charge of discrimination with the Equal Opportunity Commission together with receipt of, and action on, a statutory notice of his right to sue.")).

---

** The timely filing of a verified complaint with the EEOC is another precondition to filing suit. Title VII, the ADEA, and the ADA establish two possible limitation periods for filing a discrimination charge with the EEOC. *See* 42 U.S.C. § 2000e-5(e)(1) (Title VII); 29 U.S.C. § 626(d)(1) (ADEA); 42 U.S.C. § 12117(a) (ADA). The standard limitations period for filing a charge is 180 days after the alleged unlawful employment practice. *Id*. The limitations period is extended to 300 days, however, when state law proscribes the alleged employment practice and the charge has initially been filed with a state or local deferral agency. *See* 42 U.S.C. §2000e-5(e)(1); 29 U.S.C. § 626(d)(1)(B).

# **RECOMMENDATION**

Accordingly, it is recommended that the District Court dismiss the complaint in the above-captioned case *without prejudice* and without issuance and service of process because this court does not have jurisdiction over Plaintiff's federal claims. It is further recommended that this court decline to exercise supplemental jurisdiction over Plaintiff's remaining state law claims pursuant to 28 U.S.C. § 1367(c)(3). *See Shanaghan v. Cahill*, 58 F.3d 106, 110 (4th Cir.1995) ("[w]henever the basis for federal jurisdiction evaporates, Congress has provided for discretion").

s/ Kevin F. McDonald  
United States Magistrate Judge

April 26, 2012  
Greenville, South Carolina

***Plaintiff's attention is directed to the important notice on the next page.***

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
Room 239
300 East Washington St.
Greenville, South Carolina 29601

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).